**REIDENBACH & ASSOCIATES, LLC**
By: Scott R. Reidenbach, Esquire
Attorney I.D. Nos. 81388
229 W. Wayne Ave.
Wayne, PA 19087
(610) 572-7075 TEL
(800) 963-9133 FAX
*scott@reidenbachlaw.com*

*Counsel for Plaintiff,*
D.R. Horton, Inc. – New Jersey

---

|  |  |
|---|---|
| **D.R. HORTON, INC. – NEW JERSEY**<br>**Eight Neshaminy Interplex, Suite 115**<br>**Trevose, PA 19053**<br>*Plaintiff,* | : <br> : <br> : <br> : <br> : |
| **v.** | : <br> : <br> : |
| **CITIZENS INSURANCE COMPANY**<br>**OF AMERICA, a Member and Subsidiary of**<br>**THE HANOVER INSURANCE GROUP**<br>**440 Lincoln Street**<br>**Worcester, MA 01653-0002** | : <br> : <br> : <br> : <br> : <br> : |
| **STATE FARM GENERAL INSURANCE**<br>**COMPANY, operating as a Subsidiary of**<br>**STATE FARM MUTUAL AUTOMOBILE**<br>**INSURANCE COMPANY**<br>**1 State Farm Plaza**<br>**Bloomington, IL 61701-0001** | : <br> : <br> : <br> : <br> : <br> : <br> : |
| **HARTFORD INSURANCE COMPANY**<br>**OF THE MIDWEST, operating as a**<br>**Subsidiary of**<br>**HARTFORD INTERCOMPANY POOL**<br>**1 Hartford Plaza**<br>**Hartford, CT 06115-1700** | : <br> : <br> : <br> : <br> : <br> : |
| **HARTFORD FIRE INSURANCE**<br>**COMPANY, operating as a**<br>**Subsidiary of**<br>**HARTFORD INTERCOMPANY POOL**<br>**1 Hartford Plaza**<br>**Hartford, CT 06115-1703** | : <br> : <br> : <br> : <br> : <br> : |

**UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA**

**No.**

THE HANOVER INSURANCE                          :
COMPANY, a Subsidiary of                       :
THE HANOVER INSURANCE GROUP                     :
 1 Executive Park Drive                        :
Suite 200                                      :
Bedford, NH 03110-6913                         :
                                               :
MASSACHUSETTS BAY INSURANCE                     :
COMPANY, operating as a Subsidiary of          :
THE HANOVER INSURANCE COMPANY                    :
One Executive Park Drive                       :
Bedford, NH 03110-6913                         :

UNION INSURANCE COMPANY, operating             :
as a Subsidiary of W.R. Berkley Corporation    :
7700 Mills Circle Parkway                      :
West Des Moines, IA 50266-3862                 :
                                               :
FIREMAN'S INSURANCE COMPANY                     :
OF WASHINGTON, D.C., operating                 :
as a Subsidiary of W.R. Berkley Corporation    :
4820 Lake Brook Drive                          :
Suite 300                                      :
Glen Allen, VA 23060-9285                      :
                                               :
PEERLESS INDEMNITY                              :
INSURANCE COMPANY, a Subsidiary                 :
of LIBERTY USA CORPORATION                      :
175 Berkeley Street                            :
Boston, MA 02116-5066                          :
                                               :
PENN NATIONAL SECURITY                          :
INSURANCE COMPANY, operating as a              :
Subsidiary of PENNSYLVANIA                      :
NATIONAL MUTUAL CASUALTY                        :
INSURANCE COMPANY                               :
2 North Second Street, 2nd Floor               :
Harrisburg, PA 17101- 1619                     :
                                               :
ERIE INSURANCE EXCHANGE, INC.                   :
operating as a Subsidiary of ERIE              :
INDEMNITY COMPANY                               :
100 Erie Insurance Place                       :
Erie, PA 16530-0001                            :

**FIRSTLINE NATIONAL MUTUAL**                    :
**INSURANCE COMPANY, operating as a**            :
**Subsidiary of HARFORD GROUP**                  :
**INCORPORATED**                                 :
**200 North Main Street**                        :
**Bel Air, MD 21014-3554**                       :
                                                 :
**SELECTIVE INSURANCE COMPANY**                  :
**OF AMERICA, operating as a Subsidiary of**     :
**SELECTIVE INSURANCE GROUP, INC.**              :
**40 Wantage Avenue**                            :
**Branchville, NJ 07826 -5640**                  :
                                                 :
**INTERSTATE FIRE AND CASUALTY**                 :
**COMPANY, operating as a Subsidiary of**        :
**FIREMAN'S FUND INSURANCE**                     :
**COMPANY, INC.**                                :
**33 West Monroe Street**                        :
**Suite 1200**                                   :
**Chicago, IL 60603-5316**                       :
                                                 :
**COLONY NATIONAL INSURANCE**                    :
**COMPANY n/k/a PELEUS INSURANCE**               :
**COMPANY, operating as a Subsidiary of**        :
**COLONY INSURANCE COMPANY**                     :
**8720 Stony Point Parkway**                     :
**Suite 400**                                    :
**Richmond, VA 23235-1989**                      :
                                                 :
**FIRST MERCURY INSURANCE**                      :
**COMPANY., operating as a Subsidiary of**       :
**UNITED STATES FIRE INSURANCE**                 :
**COMPANY, INC.**                                :
**26600 Telegraph Road**                         :
**Southfield, MI 48033-5300**                    :
                                                 :
**CRUM & FORSTER INDEMINTY**                     :
**COMPANY, operating as a Subsidiary of**        :
**CRUM & FORSTER HOLDINGS**                      :
**CORPORATION**                                  :
**305 Madison Avenue**                           :
**Morristown, NJ 07960 -6117**                   :
                                                 :

AMERICAN GUARANTEE AND                  :
LIABILITY INSURANCE COMPANY,            :
operating as a Subsidiary of            :
ZURICH NORTH AMERICA                    :
1299 Zurich Way                         :
Schaumburg, IL 60196-5870               :
                                        :
MMG INSURANCE COMPANY                   :
44 Maysville Street                     :
Presque Isle, ME 04769-3220             :
                                        :
THE NETHERLANDS INSURANCE               :
COMPANY, operating as a Subsidiary of   :
LIBERTY INSURANCE HOLDINGS, INC.        :
175 Berkeley Street                     :
Boston, MA 02116 -5066                  :
                                        :
THE TRAVELERS CASUALTY                  :
COMPANY                                 :
 1 Tower Square                         :
Hartford, CT 06183-0001                 :
                                        :
NATIONAL UNION FIRE INSURANCE           :
COMPANY OF PITTSBURGH, operating as a   :
Subsidiary of AIG PROPERTY CASUALTY     :
U.S., INC.                              :
175 Water Street, 18th Floor            :
New York, NY 10038-4976                 :
                                        :
ZURICH AMERICAN INSURANCE               :
COMPANY, operating as a Subsidiary of   :
ZURICH INSURANCE GROUP AG               :
1299 Zurich Way                         :
Schaumburg, IL 60196-5870               :
                                        :
ST. PAUL FIRE AND MARINE                :
INSURANCE COMPANY, operating as a       :
Subsidiary of THE TRAVELERS             :
COMPANIES, INC.                         :
1 Tower Square                          :
Hartford, CT 06183-0001                 :

SELECTIVE INSURANCE COMPANY OF          :
SOUTH CAROLINA, operating as a          :
Subsidiary of SELECTIVE INSURANCE       :
GROUP, INC.                             :
40 Wantage Avenue                       :
Branchville, NJ 07826 -5640             :
                                        :
COLONY SPECIALTY INSURANCE              :
COMPANY, operating as a Subsidiary of   :
COLONY INSURANCE COMPANY                :
52 East Gay Street                      :
Columbus, OH 43215-3108                 :
                                        :
VIRGINIA SURETY COMPANY, INC.,          :
operating as a Subsidiary of            :
THE WARRANTY GROUP, INC.                :
175 West Jackson Boulevard              :
Lobby 11                                :
Chicago, IL 60604-3038                  :
                                        :
LIBERTY MUTUAL INSURANCE                :
COMPANY, operating as a Subsidiary of   :
LIBERTY MUTUAL GROUP, INC.              :
175 Berkeley Street, # 9                :
Boston, MA 02116 -5066                  :
                                        :
CNA INSURANCE COMPANIES, INC.,          :
Operating as a Subsidiary of CNA FINANCIAL :
CORPORATION                             :
333 South Wabash Avenue, #21            :
Chicago, IL 60604-4107                  :
                                        :
INDIAN HARBOR INSURANCE COMPANY, :
Operating as a Subsidiary of XL SPECIALTY :
INSURANCE COMPANY                       :
Seaview House                           :
70 Seaview Avenue                       :
Stamford, CT 06902-6040                 :
                                        :
AIG SPECIALTY INSURANCE                 :
COMPANY, operating as a Subsidiary of   :
AIG PROPERTY CASUALTY U.S., INC.        :
175 Water St., 18th Floor               :
New York, NY 10038-4976                 :
                                        :

ATLANTIC STATES INSURANCE                    :
COMPANY, operating as a Subsidiary of        :
DONEGAL GROUP, INC.                          :
1195 River Road                              :
Marietta, PA 17547- 1628                     :
                                             :
MAIN STREET AMERICA                          :
ASSURANCE COMPANY, operating as a            :
Subsidiary of MAIN STREET AMERICA            :
GROUP                                        :
4601 Touchton Road East                      :
Suite 3400                                   :
Jacksonville, FL 32246-4486                  :
                                             :
SELECTIVE WAY INSURANCE COMPANY, :
Operating as a Subsidiary of SELECTIVE       :
INSURANCE GROUP                              :
40 Wantage Avenue                            :
Branchville, NJ 07826 -5640                  :
                                             :
WESTFIELD INSURANCE COMPANY,                 :
operating as a Subsidiary of OHIO            :
FARMERS INSURANCE COMPANY                    :
One Park Circle                              :
Westfield Center, OH 44251-5001              :
                                             :
THE CHARTER OAK FIRE INSURANCE               :
COMPANY, operating as a Subsidiary of        :
THE TRAVELERS INDEMNITY                      :
COMPANY                                      :
 1 Tower Square                              :
Hartford, CT 06183-0001                      :
                                             :
NAVIGATORS SPECIALTY                         :
INSURANCE COMPANY, operating as a            :
Subsidiary of NAVIGATORS INSURANCE           :
COMPANY                                      :
One Penn Plaza                               :
55th Floor                                   :
New York, NY 10119                           :
                                             :
LIBERTY MUTUAL FIRE INSURANCE                :
COMPANY, operating as a Subsidiary of        :
LIBERTY MUTUAL GROUP, INC.                   :
175 Berkeley Street, #9                      :
Boston, MA 02116 -  5066                     :

|   |   |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | : |
| Operating as a Subsidiary of CINCINNATI | : |
| FINANCIAL CORPORATION | : |
| 6200 South Gilmore Road | : |
| Fairfield, OH 45014-5141 | : |
|   | : |
| MERCER INSURANCE COMPANY | : |
| AS SUCCESSOR BY MERGER TO MERCER | : |
| INSURANCE COMPANY OF NEW JERSEY, | : |
| OPERATING AS A MEMBER AND | : |
| SUBSIDIARY OF UNITED FIRE & | : |
| CASUALTY COMPANY | : |
| 10 North Highway 31 | : |
| Pennington, NJ 08534 | : |
|   | : |
| ATLANTIC CASUALTY INSURANCE | : |
| COMPANY, operating as a Subsidiary of | : |
| AUTO-OWNERS INSURANCE GROUP | : |
| 400 Commerce Court | : |
| Goldsboro, NC 27534-7048 | : |
|   | : |
|                    *Defendants.* | : |

**COMPLAINT**

Plaintiff, D.R. Horton, Inc. – New Jersey, by and through its attorneys, Reidenbach & Associates, LLC, hereby files this Complaint against Defendants, Citizens Insurance Company of America, a member and subsidiary of The Hanover Insurance Group, State Farm General Insurance Company, operating as a subsidiary of State Farm Mutual Automobile Company, Hartford Insurance Company of the Midwest, operating as a subsidiary of Hartford Intercompany Pool, Hartford Fire Insurance Company, operating as a subsidiary of Hartford Intercompany Pool, The Hanover Insurance Company, a subsidiary of The Hanover Insurance Group, Massachusetts Bay Insurance Company, operating as a subsidiary of The Hanover Insurance Companies, Union Insurance Company, operating as a subsidiary of W.R. Berkeley Corporation,   Fireman's Insurance Company of Washington, D.C., operating as a subsidiary of W.R. Berkeley Corporation, Peerless Indemnity Insurance Company, a subsidiary of Liberty USA Corporation, Penn National Insurance Company, operating as a subsidiary of Pennsylvania National Mutual Casualty Insurance Company, Erie Insurance Exchange, Inc., operating as a subsidiary of Erie Indemnity Company, Firstline National Mutual Insurance Company, operating as a subsidiary of Harford Group Incorporated, Selective Insurance Company of America, operating as a subsidiary of Selective Insurance Group, Inc., Interstate Fire and Casualty Company, operating as a subsidiary of Fireman's Fund Insurance Company, Inc., Colony National Insurance Company n/k/a Peleus Insurance Company, operating as a subsidiary of Colony Insurance Company, First Mercury Insurance Company, operating as a subsidiary of United States Fire Insurance Company, Inc., Crum & Forster Indemnity Company, operating as a subsidiary of Crum & Forster Holdings Corporation, American Guarantee and Liability Insurance Company, operating as a subsidiary of Zurich North America, MMG Insurance Company, The Netherlands Insurance Company,

operating as a subsidiary of Liberty Insurance Holdings, Inc., The Travelers Casualty Company, National Union Fire Insurance Company of Pittsburgh, operating as a subsidiary of AIG Property Casualty U.S., Inc., Zurich American Insurance Company, operating as a subsidiary of Zurich Insurance Group AG, St. Paul Fire and Marine Insurance Company, operating as a subsidiary of The Travelers Companies, Inc., Selective Insurance Company of South Carolina, operating as a subsidiary of Selective Insurance Group, Inc., Colony Specialty Insurance Company, operating as a subsidiary of Colony Insurance Company, Virginia Surety Company, Inc., operating as a subsidiary of The Warranty Group, Inc., Liberty Mutual Insurance Company, operating as a subsidiary of Liberty Mutual Group, Inc., CNA Insurance Companies, Inc, operating as a subsidiary of CNA Financial Corporation, Indian Harbor Insurance Company, operating as a subsidiary of XL Specialty Insurance Company, AIG Specialty Insurance Company, operating as a subsidiary of AIG Property Casualty U.S., Inc., Atlantic States Insurance Company, operating as a subsidiary of Donegal Group, Inc., Main Street America Assurance Company, operating as a subsidiary of Main Street America Group, Selective Way Insurance Company, operating as a subsidiary of Selective Insurance Group, Westfield Insurance Company, operating as a subsidiary of Ohio Farmers Insurance Company, The Charter Oak Fire Insurance Company, operating as a subsidiary of The Travelers Indemnity Company, Navigators Specialty Insurance Company, operating as a subsidiary of Navigators Insurance Company, Liberty Mutual Fire Insurance Company, operating as a subsidiary of Liberty Mutual Group, Inc., The Cincinnati Insurance Company, operating as a subsidiary of Cincinnati Financial Corporation, Mercer Insurance Company as successor by merger to Mercer Insurance Company of New Jersey, operating as a subsidiary of United Fire Casualty Company operating as a subsidiary of Mercer Insurance Company, Atlantic Casualty Insurance Company, operating as a subsidiary of Auto-Owners

Insurance Group (collectively, the "Defendants"), pursuant to 42 Pa. C.S. §§7531, *et seq.* and Pa. R.C.P. §§ 1601, *et seq.*, seeking judgment regarding the Defendants' obligations to indemnify and defend D.R. Horton, Inc. – New Jersey as an Additional Insured, in connection with claims brought against D.R. Horton, Inc. – New Jersey in the matter of *The Grande at Riverview Condominium Association v. D.R. Horton, Inc. – New Jersey, et al.*, Montgomery County Court of Common Pleas Docket No. 2013-13279 (hereinafter, the "Underlying Litigation") and in support thereof, aver as follows:

## I.      PARTIES

1.      Plaintiff, D.R. Horton, Inc. – New Jersey (hereinafter the "Plaintiff" or "D.R. Horton"), is a Delaware corporation with a principal place of business of Eight Neshaminy Interplex, Suite 115, Trevose, Pennsylvania 19053.

2.      Plaintiff was the declarant of the Grande at Riverview Condominium Association and contracted with several contractors to perform actual construction of the three (3) buildings, together with the units and common areas therein, located in Conshohocken, Pennsylvania that comprise the Grande at Riverview Condominium ("Riverview") and/or to provide materials and supplies for the project (the "Project").

3.      Upon information and belief, Defendant, Citizens Insurance Company of America, a member and subsidiary of The Hanover Insurance Group ("Citizens Insurance Company"), is a Michigan corporation with a business address of 440 Lincoln Street, Worcester, MA 01653-0002.

4.      Upon information and belief, Citizens Insurance Company provided commercial general liability and/or excess general liability insurance coverage to Beyond Concrete, Inc. d/b/a Beyond Concrete a/k/a Bomanite of New Jersey, Inc. ("Beyond Concrete") during the relevant

time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

5.      Pursuant to the Contractor Agreement between Beyond Concrete and Plaintiff, Beyond Concrete was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreement for work performed by Beyond Concrete, for the Project is attached hereto as **Exhibit "A"**.

6.      Upon information and belief, Beyond Concrete, provided and/or installed concrete at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit A.

7.      Any alleged defects in the concrete alleged in the Underlying Litigation are the result of defective work performed by Beyond Concrete.

8.      As an Additional Insured under Beyond Concrete's insurance policy with Citizens Insurance Company, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Beyond Concrete's insurance policy, including a defense and indemnification from Citizens Insurance Company, for all claims in the Underlying Litigation.

9.      Citizens Insurance Company's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

10.      As a result of Citizens Insurance Company's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects

and defective work performed by Beyond Concrete and defense costs, all of which should be paid by Citizens Insurance Company.

11.     Upon Information and belief, Defendant, State Farm General Insurance Company, operating as a subsidiary of State Farm Mutual Automobile Insurance Company ("State Farm"), is an Illinois corporation with a business address of 1 State Farm Plaza, Bloomington, IL 61701-0001.

12.     Upon information and belief, State Farm provided commercial general liability and/or excess general liability insurance coverage to Brighton Exteriors, Inc. ("Brighton Exteriors") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

13.     Pursuant to the Contractor Agreement between Brighton Exteriors and Plaintiff, Brighton Exteriors was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreement for work performed by Brighton Exteriors, for the Project is attached hereto as **Exhibit "B"**.

14.     Upon information and belief, Brighton Exteriors, Inc., provided and/or installed brick veneer on walls and piers at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit B.

15.     Any alleged defects in the brick veneer work, installation and/or design alleged in the Underlying Litigation are the result of the defective work performed by Brighton Exteriors, Inc.

16.     As an Additional Insured under Brighton Exteriors' insurance policy with State Farm, at all times material to the Underlying Litigation through to date, D.R. Horton has been

entitled to coverage as an Additional Insured under Brighton Exteriors' insurance policy, including a defense and indemnification from State Farm, for all claims in the Underlying Litigation.

17.    State Farm's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

18.    As a result of State Farm's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Brighton Exteriors and defense costs, all of which should be paid by State Farm.

19.    Upon information and belief, Defendant, Hartford Insurance Company of the Midwest, operating as a subsidiary of Hartford Intercompany Pool ("Hartford Midwest"), is an Indiana corporation with a business address of 1 Hartford Plaza, Hartford, CT 06115-1700.

20.    Upon information and belief, Hartford Midwest provided commercial general liability and/or excess general liability insurance coverage to Brubacher Excavating, Inc. ("Brubacher Excavating") during the relevant time of the Project.  A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "C"**.

21.    Pursuant to the Contractor Agreement between Brubacher Excavating and Plaintiff, Brubacher Excavating was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Brubacher Excavating for the Project is attached hereto as **Exhibit "D"**.

22.     Upon information and belief, Brubacher Excavating performed site excavation and installed sidewalks at Riverview pursuant to a written agreement with Plaintiff. See Exhibit D.

23.     Any alleged defects in the sidewalks, or as a result of the site excavation, alleged in the Underlying Litigation are the result of the defective work performed by Brubacher Excavating.

24.     As an Additional Insured under Brubacher Excavating's insurance policy with Hartford Midwest, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Brubacher Excavating's insurance policy, including a defense and indemnification from Hartford Midwest, for all claims in the Underlying Litigation.

25.     Hartford Midwest's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

26.     As a result of Hartford Midwest's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Brubacher Excavating and defense costs, all of which should be paid by Hartford Midwest.

27.     Upon information and belief, Defendant, Hartford Fire Insurance Company, operating as a subsidiary of Hartford Intercompany Pool ("Hartford Fire"), is a Connecticut corporation with a business address of 1 Hartford Plaza, Hartford, CT 06115-1703.

28.     Upon information and belief, Hartford Fire provided commercial general liability and/or excess general liability insurance coverage to Carfaro, Inc. ("Carfaro") during the relevant

time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

29.     Pursuant to the Contractor Agreement between Carfaro and Plaintiff, Carfaro was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Carfaro for the Project is attached hereto as **Exhibit "E"**.

30.     Upon information and belief, Carfaro, provided and/or installed pool fencing, columns, retaining wall railings, balcony railings and garage opening railings at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit E.

31.     Any alleged defects in the railings and/or columns alleged in the Underlying Litigation are the result of defective work performed by Carfaro.

32.     As an Additional Insured under Carfaro's insurance policy with Hartford Fire, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Carfaro's insurance policy, including a defense and indemnification from Hartford Fire, for all claims in the Underlying Litigation.

33.     Hartford Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

34.     As a result of Hartford Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and

defective work performed by Carfaro and defense costs, all of which should be paid by Hartford Fire.

35.     Upon information and belief, Defendant, The Hanover Insurance Company, a subsidiary of The Hanover Insurance Group ("Hanover Insurance"), is a New Hampshire corporation with a business address of 1 Executive Park Drive, Suite 200, Bedford, NH 03110-6913.

36.     Upon information and belief, Hanover Insurance provided commercial general liability and/or excess general liability insurance coverage to Carfaro, Inc. ("Carfaro") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

37.     Pursuant to the Contractor Agreement between Carfaro and Plaintiff, Carfaro was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Carfaro for the Project is attached hereto as **Exhibit "E"**.

38.     Upon information and belief, Carfaro, provided and/or installed pool fencing, columns, retaining wall railings, balcony railings and garage opening railings at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit E.

39.     Any alleged defects in the railings and/or columns alleged in the Underlying Litigation are the result of defective work performed by Carfaro.

40.     As an Additional Insured under Carfaro's insurance policy with Hanover Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to

coverage as an Additional Insured under Carfaro's insurance policy, including a defense and indemnification from Hanover Insurance, for all claims in the Underlying Litigation.

41.     Hanover Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

42.     As a result of Hanover Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Carfaro and defense costs, all of which should be paid by Hanover Insurance.

43.     Upon information and belief, Defendant, Massachusetts Bay Insurance Company, operating as a subsidiary of The Hanover Insurance Companies ("Mass Bay"), is a New Hampshire corporation with a business address of One Executive Park Drive, Bedford, NH 03110-6913.

44.     Upon information and belief, Mass Bay provided commercial general liability and/or excess general liability insurance coverage to Carfaro, Inc. ("Carfaro") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

45.     Pursuant to the Contractor Agreement between Carfaro and Plaintiff, Carfaro was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit E.

46.     Upon information and belief, Carfaro, provided and/or installed pool fencing, columns, retaining wall railings, balcony railings and garage opening railings at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit E.

47.     Any alleged defects in the railings and/or columns alleged in the Underlying Litigation are the result of defective work performed by Carfaro.

48.     As an Additional Insured under Carfaro's insurance policy with Mass Bay, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Carfaro's insurance policy, including a defense and indemnification from Mass Bay, for all claims in the Underlying Litigation.

49.     Mass Bay's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

50.     As a result of Mass Bay's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Carfaro and defense costs, all of which should be paid by Mass Bay.

51.     Upon information and belief, Defendant, Union Insurance Company, operating as a subsidiary of W.R. Berkley Corporation ("Union Insurance"), is an Iowa corporation with a business address of 7700 Mills Circle Parkway, West Des Moines, IA 50266-3862.

52.     Upon information and belief, Union Insurance provided commercial general liability and/or excess general liability insurance coverage to Christopher McMahon Contracting, Inc t/a Architectural Concrete Design ("McMahon Contracting") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

53.     Pursuant to the Contractor Agreement between McMahon Contracting and Plaintiff, McMahon Contracting was required to name Plaintiff as an Additional Insured on its

Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by McMahon Contracting, for the Project is attached hereto as **Exhibit "F"**.

54.     Upon information and belief, McMahon Contracting, provided and/or installed concrete at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit F.

55.     Any alleged defects in the concrete work, concrete design and/or the installation thereof are the result of the defective work performed by McMahon Contracting.

56.     As an Additional Insured under McMahon Contracting's insurance policy with Union Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under McMahon Contracting's insurance policy, including a defense and indemnification from Union Insurance, for all claims in the Underlying Litigation.

57.     Union Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

58.     As a result of Union Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by McMahon Contracting and defense costs, all of which should be paid by Union Insurance.

59.     Upon information and belief, Defendant, Fireman's Insurance Company of Washington, D.C., operating as a subsidiary of W.R. Berkley Corporation ("Fireman's

Insurance"), is a Delaware corporation with a business address of 4820 Lake Brook Drive, Suite 300, Glen Allen, VA 23060-9285.

60.     Upon information and belief, Fireman's Insurance provided commercial general liability and/or excess general liability insurance coverage to McMahon Contracting during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

61.     Pursuant to the Contractor Agreement between McMahon Contracting and Plaintiff, McMahon Contracting was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit F.

62.     Upon information and belief, McMahon Contracting, provided and/or installed concrete at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit F.

63.     Any alleged defects in the concrete work, concrete design and/or the installation thereof are the result of the defective work performed by McMahon Contracting.

64.     As an Additional Insured under McMahon Contracting's insurance policy with Fireman's Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under McMahon Contracting's insurance policy, including a defense and indemnification from Union Insurance, for all claims in the Underlying Litigation.

65.     Fireman's Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

66.     As a result of Fireman's Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by McMahon Contracting and defense costs, all of which should be paid by Fireman's Insurance.

67.     Upon information and belief, Defendant, Peerless Indemnity Insurance Company, a subsidiary of Liberty USA Corporation ("Peerless Indemnity"), is an Illinois corporation with a business address of 175 Berkeley Street, Boston, MA 02116-5066.

68.     Upon information and belief, Peerless Indemnity provided commercial general liability and/or excess general liability insurance coverage to Concrete Systems, Inc. ("Concrete Systems") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

69.     Pursuant to the Contractor Agreement between Concrete Systems and Plaintiff, Concrete Systems was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreement for work performed by Concrete Systems for the Project is attached hereto as **Exhibit "G"**.

70.     Upon information and belief, Concrete Systems provided and/or installed concrete at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit G.

71.     Any alleged defects in the concrete work and/or concrete design are the result of the defective work performed by Concrete Systems.

72.     As an Additional Insured under Concrete System's insurance policy with Peerless Indemnity, at all times material to the Underlying Litigation through to date, D.R. Horton has been

entitled to coverage as an Additional Insured under Concrete Systems' insurance policy, including a defense and indemnification from Peerless Indemnity, for all claims in the Underlying Litigation.

73.     Peerless Indemnity's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

74.     As a result of Peerless Indemnity's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Concrete Systems and defense costs, all of which should be paid by Peerless Indemnity.

75.     Upon information and belief, Defendant, Penn National Security Insurance Company, operating as a subsidiary of Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), is a Pennsylvania corporation with a business address of 2 North Second Street, 2nd Floor, Harrisburg, PA 17105- 1619.

76.     Upon information and belief, Penn National provided commercial general liability and/or excess general liability insurance coverage to Concrete Systems during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

77.     Pursuant to the Contractor Agreement between Concrete Systems and Plaintiff, Concrete Systems was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Concrete Systems, for the Project is attached hereto as **Exhibit "G"**.

78.     Upon information and belief, Concrete Systems provided and/or installed concrete at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit G.

79.     Any alleged defects in the concrete work and/or concrete design are the result of the defective work performed by Concrete Systems.

80.     As an Additional Insured under Concrete System's insurance policy with Penn National, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Concrete Systems' insurance policy, including a defense and indemnification from Penn National, for all claims in the Underlying Litigation.

81.     Penn National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

82.     As a result of Penn National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Concrete Systems and defense costs, all of which should be paid by Penn National.

83.     Upon information and belief, Defendant, Erie Insurance Exchange, Inc., operating as a subsidiary of Erie Indemnity Company ("Erie Insurance"), is a Pennsylvania corporation with a business address of 100 Erie Insurance Place, Erie, PA 16530-0001.

84.     Upon information and belief, Erie Insurance provided commercial general liability and/or excess general liability insurance coverage to Dale Waterproofing Systems, Inc. ("Dale Waterproofing") during the relevant time of the Project.  A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "H"**.

85.     Pursuant to the Contractor Agreement between Dale Waterproofing and Plaintiff, Dale Waterproofing was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Dale Waterproofing for the Project is attached hereto as **Exhibit "I"**.

86.     Upon information and belief, Dale Waterproofing Systems provided materials and/or performed waterproofing at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit I.

87.     Any alleged defects in the concrete work and/or concrete design are the result of the defective work performed by Dale Waterproofing.

88.     As an Additional Insured under Dale Waterproofing's insurance policy with Erie Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Dale waterproofing's insurance policy, including a defense and indemnification from Erie Insurance, for all claims in the Underlying Litigation.

89.     Erie Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

90.     As a result of Erie Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Concrete Systems and defense costs, all of which should be paid by Erie Insurance.

91.     Upon information and belief, Defendant, Firstline National Mutual Insurance Company, operating as a subsidiary of Harford Group Incorporated ("Firstline National"), is a Maryland corporation with a business address of 200 North Main Street, Bel Air, MD 21014-3554.

92.     Upon information and belief, Firstline National provided commercial general liability and/or excess general liability insurance coverage to Dale Waterproofing during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

93.     Pursuant to the Contractor Agreement between Dale Waterproofing and Plaintiff, Dale Waterproofing was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit I.

94.     Upon information and belief, Dale Waterproofing Systems provided materials and/or performed waterproofing at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit I.

95.     Any alleged defects in the concrete work and/or concrete design are the result of the defective work performed by Dale Waterproofing.

96.     As an Additional Insured under Dale Waterproofing's insurance policy with Firstline National, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Dale Waterproofing's insurance policy, including a defense and indemnification from Firstline National, for all claims in the Underlying Litigation.

97.     Firstline National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

98.     As a result of Firstline National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Dale Waterproofing and defense costs, all of which should be paid by Firstline National.

99.     Upon information and belief, Defendant, Selective Insurance Company of America, operating as a subsidiary of Selective Insurance Group, Inc. ("Selective Insurance"), is a New Jersey corporation with a business address of 40 Wantage Avenue, Branchville, NJ 07890-5640.

100.    Upon information and belief, Selective Insurance provided commercial general liability and/or excess general liability insurance coverage to Dale Waterproofing Systems during the relevant time of the Project. Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

101.    Pursuant to the Contractor Agreement between Dale Waterproofing and Plaintiff, Dale Waterproofing was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations. See Exhibit I.

102.    Upon information and belief, Dale Waterproofing Systems provided materials and/or performed waterproofing at Riverview, pursuant to a written agreement with Plaintiff. See Exhibit I.

103.    Any alleged defects in the concrete work and/or concrete design are the result of the defective work performed by Dale Waterproofing.

104.    As an Additional Insured under Dale Waterproofing's insurance policy with Selective Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Dale Waterproofing's insurance

policy, including a defense and indemnification from Selective Insurance, for all claims in the Underlying Litigation.

105.  Selective Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

106.  As a result of Selective Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Dale Waterproofing and defense costs, all of which should be paid by Selective Insurance.

107.  Upon information and belief, Defendant, Experience Drywall, Inc. d/b/a Experience Drywall ("Experience Drywall"), is a New Jersey corporation with a business address of 2-34 33rd Street, Fairlawn, NJ 07410-4745.

108.  Pursuant to the Contractor Agreement between Experience Drywall and Plaintiff, Experience Drywall was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Experience Drywall for the Project is attached hereto as **Exhibit "J"**.

109.  Experience Drywall has willfully failed and refused to provide insurance coverage information in the Underlying Litigation, and as such, is responsible to perform its obligations under the contract.

110.  Upon information and belief, Experience Drywall provided and/or installed drywall at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit J.

111.   Any alleged defects in the drywall, and/or with the installation thereof, are the result of defective work performed by Experience Drywall.

112.   Upon information and belief, Defendant, Interstate Fire and Casualty Company, operating as a subsidiary of Fireman's Fund Insurance Company, Inc. ("Interstate Fire"), is an Illinois corporation with a business address of 33 West Monroe Street, Suite 1200 Chicago, IL 60603-5316.

113.   Upon information and belief, Interstate Fire provided commercial general liability and/or excess general liability insurance coverage to FM Home Improvements during the relevant time of the Project.  A true and correct of the Insurance Policy is attached hereto as **Exhibit "K"**.

114.   Pursuant to the Contractor Agreements between FM Home Improvements and Plaintiff, FM Home Improvements was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portions of the Contractor Agreements for work performed by FM Home Improvements for the Project is attached hereto collectively as **Exhibit "L"**.

115.   Upon information and belief, FM Home Improvements, performed general construction work at Riverview, including but not limited to, providing and/or installing gutters, downspouts, waterproofing, metal roofing, skylights, siding, and soffit, pursuant to written agreements with Plaintiff.  See Exhibit L.

116.   Any alleged defects in the gutters, downspouts, waterproofing, metal roofing, skylights, siding, and soffit, and/or the installation thereof, are the result of defective work performed by FM Home Improvements.

117.   As an Additional Insured under FM Home Improvements' insurance policy with Interstate Fire, at all times material to the Underlying Litigation through to date, D.R. Horton has

been entitled to coverage as an Additional Insured under FM Home Improvements' insurance policy, including a defense and indemnification from Interstate Fire, for all claims in the Underlying Litigation.

118.    Interstate Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

119.    As a result of Interstate Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by FM Home Improvements and defense costs, all of which should be paid by Colony Specialty

120.    Upon information and belief, Defendant, Colony National Insurance Company n/k/a Peleus Insurance Company, operating as a subsidiary of Colony Insurance Company ("Colony National"), is an Virginia corporation, with a business address of 8720 Stony Point Parkway, Suite 400, Richmond, VA 23235-19896.

121.    Upon information and belief, Colony National provided commercial general liability and/or excess general liability insurance coverage to FM Home Improvements during the relevant time of the Project.  A true and correct copy of the Insurance Policies are attached hereto collectively as **Exhibit "M"**.

122.    Pursuant to the Contractor Agreements between FM Home Improvements and Plaintiff, FM Home Improvements was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations. See Exhibit L.

123.    Upon information and belief, FM Home Improvements, performed general construction work at Riverview, including but not limited to, providing and/or installing gutters, downspouts, waterproofing, metal roofing, skylights, siding, and soffit, pursuant to written agreements with Plaintiff.  See Exhibit L.

124.    Any alleged defects in the gutters, downspouts, waterproofing, metal roofing, skylights, siding, and soffit, and/or the installation thereof, are the result of defective work performed by FM Home Improvements.

125.    As an Additional Insured under FM Home Improvements' insurance policy with Colony National, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under FM Home Improvements' insurance policy, including a defense and indemnification from Colony, for all claims in the Underlying Litigation.

126.    Colony National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

127.    As a result of Colony National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by FM Home Improvements and defense costs, all of which should be paid by Colony National.

128.    Upon information and belief, Defendant, First Mercury Insurance Company., operating as a subsidiary of United States Fire Insurance Company, Inc. ("First Mercury"), is an

Illinois corporation, with a business address of 26600 Telegraph Road, Southfield, MI 48033-5300.

129.    Upon information and belief, First Mercury provided commercial general liability and/or excess general liability insurance coverage to FM Home Improvements during the relevant time of the Project.  A true and correct copy of the Certificates of Insurance are attached hereto collectively as **Exhibit "N"**.

130.    Pursuant to the Contractor Agreements between FM Home Improvements and Plaintiff, FM Home Improvements was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit L.

131.    Upon information and belief, FM Home Improvements performed general construction work at Riverview, including but not limited to, providing and/or installing gutters, downspouts, waterproofing, metal roofing, skylights, siding, and soffit, pursuant to written agreements with Plaintiff.  See Exhibit L.

132.    Any alleged defects in the gutters, downspouts, waterproofing, metal roofing, skylights, siding, and soffit, and/or the installation thereof, are the result of defective work performed by FM Home Improvements.

133.    As an Additional Insured under FM Home Improvements' insurance policy with First Mercury, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under FM Home Improvements' insurance policy, including a defense and indemnification from First Mercury, for all claims in the Underlying Litigation.

134. First Mercury's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully, and in bad faith.

135. As a result of First Mercury's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by FM Home Improvements and defense costs, all of which should be paid by First Mercury.

136. Upon information and belief, Defendant, Crum & Forster Indemnity Company, operating as a subsidiary of Crum & Forster Holdings Corporation ("Crum & Forster"), is a Delaware corporation with a business address of 305 Madison Avenue, Morristown, NJ 07962-6117.

137. Upon information and belief, Crum & Forster provided commercial general liability and/or excess general liability insurance coverage to FM Home Improvements during the relevant time of the Project. Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

138. Pursuant to the Contractor Agreements between FM Home Improvements and Plaintiff, FM Home Improvements was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations. See Exhibit L.

139. Upon information and belief, FM Home Improvements, performed general construction work at Riverview, including but not limited to, providing and/or installing gutters,

downspouts, waterproofing, metal roofing, skylights, siding, and soffit, pursuant to written agreements with Plaintiff. See Exhibit L.

140. Any alleged defects in the gutters, downspouts, waterproofing, metal roofing, skylights, siding, and soffit, and/or the installation thereof, are the result of defective work performed by FM Home Improvements.

141. As an Additional Insured under FM Home Improvements' insurance policy with Crum & Forster, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under FM Home Improvements' insurance policy, including a defense and indemnification from Selective Insurance, for all claims in the Underlying Litigation.

142. Crum & Forster's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

143. As a result of Crum & Forster's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by FM Home Improvements and defense costs, all of which should be paid by Crum & Forster.

144. Upon information and belief, Defendant, American Guarantee and Liability Insurance Company, operating as a subsidiary of Zurich North America ("American Guarantee"), is a New York Corporation, with a business address of 1299 Zurich Way, Schaumberg, IL 60196-5870.

145. Upon information and belief, American Guarantee provided commercial general liability and/or excess general liability insurance coverage to FM Home Improvements during the relevant time of the Project. A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "O"**.

146. Pursuant to the Contractor Agreements between FM Home Improvements and Plaintiff, FM Home Improvements was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations. See Exhibit L.

147. Upon information and belief, FM Home Improvements performed general construction work at Riverview, including but not limited to, providing and/or installing gutters, downspouts, waterproofing, metal roofing, skylights, siding, and soffit, pursuant to written agreements with Plaintiff. See Exhibit L.

148. Any alleged defects in the gutters, downspouts, waterproofing, metal roofing, skylights, siding, and soffit, and/or the installation thereof, are the result of defective work performed by FM Home Improvements.

149. As an Additional Insured under FM Home Improvements' insurance policy with American Guarantee, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under FM Home Improvements' insurance policy, including a defense and indemnification from Selective Insurance, for all claims in the Underlying Litigation.

150. American Guarantee's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

151.   As a result of American Guarantee's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by FM Home Improvements and defense costs, all of which should be paid by American Guarantee.

152.   Upon information and belief, Defendant, Selective Insurance Company of America, operating as a subsidiary of Selective Insurance Group, Inc. ("Selective Insurance"), is a New Jersey corporation with a business address of 40 Wantage Avenue, Branchville, NJ 07890.

153.   Upon information and belief, Selective Insurance provided commercial general liability and/or excess general liability insurance coverage to Fleischer Brothers, LLC a/k/a Fleischer Brothers, Inc. d/b/a Fleischer Brothers d/b/a Fleischer Brothers II ("Fleischer Brothers") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

154.   Pursuant to the Contractor Agreement between Fleischer Brothers and Plaintiff, Fleischer Brothers was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreements for work performed by Fleischer Brothers for the Project is attached hereto collectively as **Exhibit "P"**.

155.   Upon information and belief, Fleischer Brothers provided and/or installed siding, soffit, and fascia at Riverview, as well as performed additional work on the roofing, siding and gutters pursuant to the specifications and plans, pursuant to written agreements with Plaintiff.  See Exhibit P.

156.    Any alleged defects in the roofing, siding, gutters, soffit, and/or fascia, and/or the installation thereof, are the result of defective work performed by Fleischer Brothers.

157.    As an Additional Insured under Fleischer Brother's insurance policy with Selective Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Fleischer Brother's insurance policy, including a defense and indemnification from Selective Insurance, for all claims in the Underlying Litigation.

158.    Selective Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

159.    As a result of Selective Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Fleischer Brothers and defense costs, all of which should be paid by Selective Insurance.

160.    Upon information and belief, Defendant, MMG Insurance Company ("MMG Insurance"), is a Maine corporation, with a business address of 44 Maysville Street, Presque Isle, ME 04769-3220.

161.    Upon information and belief, MMG Insurance provided commercial general liability and/or excess general liability insurance coverage to Floor Associates, Inc. d/b/a Feasterville Floor ("Feasterville Floor") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

162.    Pursuant to the Contractor Agreements between Feasterville Floor and Plaintiff, Feasterville Floor was required to name Plaintiff as an Additional Insured on its Commercial

General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portions of the Contractor Agreements for work performed by Feasterville Floor for the Project are attached hereto collectively as **Exhibit "Q"**.

163.    Upon information and belief, Feasterville Floor installed carpeting, vinyl flooring, and wood flooring at Riverview pursuant to written agreements with Plaintiff.  See Exhibit Q.

164.    Any alleged deficiencies in the carpeting, vinyl and/or wood flooring are the result of the defective work performed by Feasterville Floor.

165.    As an Additional Insured under Feasterville Floor's insurance policy with MMG Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Feasterville Floor's insurance policy, including a defense and indemnification from MMG Insurance, for all claims in the Underlying Litigation.

166.    MMG Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

167.    As a result of MMG Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Feasterville Floor and defense costs, all of which should be paid by MMG Insurance.

168.    Upon information and belief, Defendant, The Netherlands Insurance Company, operating as a subsidiary of Liberty Insurance Holdings, Inc. ("Netherlands Insurance"), is a New Hampshire corporation, with a business address of 175 Berkeley Street, Boston, MA 02116-5066.

169.    Upon information and belief, Netherlands Insurance provided commercial general liability and/or excess general liability insurance coverage to Feasterville Floor during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

170.    Pursuant to the Contractor Agreements between Feasterville Floor and Plaintiff, Feasterville Floor was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit Q.

171.    Upon information and belief, Feasterville Floor installed carpeting, vinyl flooring, and wood flooring at Riverview pursuant to written agreements with Plaintiff.  See **Exhibit "Q"**.

172.    Any alleged deficiencies in the carpeting, vinyl and/or wood flooring are the result of the defective work performed by Feasterville Floor.

173.    As an Additional Insured under Feasterville Floor's insurance policy with Netherlands Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Feasterville Floor's insurance policy, including a defense and indemnification from Netherlands Insurance, for all claims in the Underlying Litigation.

174.    Netherlands Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

175.    As a result of Netherlands Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and

defective work performed by Feasterville Floor and defense costs, all of which should be paid by Netherlands Insurance.

176.    Upon information and belief, Defendant, The Travelers Casualty Company ("Travelers Casualty"), is a Connecticut corporation, with a business address of 1 Tower Square, Hartford, CT 06183-0001.

177.    Upon information and belief, Travelers Casualty provided commercial general liability and/or excess general liability insurance coverage to G.P. Systems, Inc. ("G.P. Systems") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

178.    Pursuant to the Contractor Agreement between G.P. Systems and Plaintiff, G.P. Systems was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by G.P. Systems, for the Project is attached hereto as **Exhibit "R"**.

179.    Upon information and belief, G.P. Systems, Inc. installed trash chutes at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit R.

180.    Any alleged defects in the trash chutes, and/or the installation thereof, are the result of defective work performed by G.P. Systems, Inc.

181.    As an Additional Insured under G.P. System's insurance policy with Travelers Casualty, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under G.P. System's insurance policy, including a defense and indemnification from Travelers Casualty, for all claims in the Underlying Litigation.

182.    Travelers Casualty's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

183.    As a result of Travelers Casualty's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by G.P. Systems and defense costs, all of which should be paid by Travelers Casualty.

184.    Upon information and belief, Firstline National also provided commercial general liability and/or excess general liability insurance coverage to ISI Design and Installation Solutions, Inc. f/k/a Creative Touch Interiors d/b/a CTI f/k/a Floors, Inc. ("CTI") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

185.    Pursuant to the Contractor Agreements between CTI and Plaintiff, CTI was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portions of the Contractor Agreements for work performed by CTI for the Project are attached hereto collectively as **Exhibit "S"**.

186.    Upon information and belief, CTI provided and/or installed flooring at Riverview, including but not limited to, vinyl flooring, underlayment, hardwood flooring and carpeting, pursuant to a written agreement with Plaintiff.  See Exhibit S.

187.    Any alleged defects in the flooring, including but not limited to, the hardwood flooring, vinyl flooring, underlayment and carpeting, and/or the installation thereof, are the result of defective work performed by CTI.

188.    As an Additional Insured under CTI's insurance policy with Firstline National, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under CTI's insurance policy, including a defense and indemnification from Firstline National, for all claims in the Underlying Litigation.

189.    Firstline National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

190.    As a result of Firstline National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by CTI and defense costs, all of which should be paid by Firstline National.

191.    Upon information and belief, Defendant, National Union Fire Insurance Company of Pittsburgh, operating as a subsidiary of AIG Property Casualty U.S., Inc. ("National Union"), is a New York corporation, with a business address of 175 Water Street, 18th Floor, New York, NY 10038-4976.

192.    Upon information and belief, National Union provided commercial general liability and/or excess general liability insurance coverage to CTI during the relevant time of the Project. Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

193.    Pursuant to the Contractor Agreements between CTI and Plaintiff, CTI was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit S.

194.    Upon information and belief, CTI provided and/or installed flooring at Riverview, including but not limited to, vinyl flooring, underlayment, hardwood flooring and carpeting, pursuant to a written agreement with Plaintiff.  See Exhibit S.

195.    Any alleged defects in the flooring, including but not limited to, the hardwood flooring, vinyl flooring, underlayment and carpeting, and/or the installation thereof, are the result of defective work performed by CTI.

196.    As an Additional Insured under CTI's insurance policy with National Union, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under CTI's insurance policy, including a defense and indemnification from National Union, for all claims in the Underlying Litigation.

197.    National Union's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

198.    As a result of National Union's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by CTI and defense costs, all of which should be paid by National Union.

199.    Upon information and belief, Defendant, Zurich American Insurance Company, operating as a subsidiary of Zurich Insurance Group AG ("Zurich American"), with a business address of 1299 Zurich Way, Schaumburg, IL 60196-5870.

200.    Upon information and belief, Zurich American provided commercial general liability and/or excess general liability insurance coverage to J.F. Sobieski Mechanical Contractors, Inc. f/k/a Sobieski Mechanical Contractors ("Sobieski Mechanical") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

201.    Pursuant to the Contractor Agreement between Sobieski Mechanical and Plaintiff, Sobieski Mechanical was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Sobieski Mechanical for the Project is attached hereto as **Exhibit "T"**.

202.    Upon information and belief, Sobieski, provided installation of HVAC and provided and/or installed plumbing at Riverview pursuant to a written agreement with Plaintiff. See Exhibit T.

203.    Any alleged defects in the HVAC system, plumbing and/or the installation thereof, are the result of defective work performed by Sobieski Mechanical.

204.    As an Additional Insured under Sobieski Mechanical's insurance policy with Zurich American, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Sobieski Mechanical's insurance policy, including a defense and indemnification from Zurich American, for all claims in the Underlying Litigation.

205.    Zurich American's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

206.    As a result of Zurich American's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Sobieski Mechanical and defense costs, all of which should be paid by Zurich American.Upon information and belief, Defendant, St. Fire and Marine Insurance Company, operating as a subsidiary of The Travelers Companies, Inc. ("St. Paul"), is a Connecticut corporation, with a business address of 1 Tower Square, Hartford, CT 06183-0001.

207.    Upon information and belief, St. Paul provided commercial general liability and/or excess general liability insurance coverage to J.F. Sobieski Mechanical Contractors, Inc. f/k/a Sobieski Mechanical Contractors ("Sobieski Mechanical") during the relevant time of the Project. Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

208.    Pursuant to the Contractor Agreement between Sobieski Mechanical and Plaintiff, Sobieski Mechanical was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreement for work performed by Sobieski Mechanical for the Project is attached hereto as Exhibit "T".

209.    Upon information and belief, Sobieski, provided installation of HVAC and provided and/or installed plumbing at Riverview pursuant to a written agreement with Plaintiff. See Exhibit T.

210.    Any alleged defects in the HVAC system, plumbing and/or the installation thereof, are the result of defective work performed by Sobieski Mechanical.

211.    As an Additional Insured under Sobieski Mechanical's insurance policy with Zurich American, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Sobieski Mechanical's insurance policy, including a defense and indemnification from Zurich American, for all claims in the Underlying Litigation.

212.    St. Paul's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

213.    As a result of St. Paul's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Sobieski Mechanical and defense costs, all of which should be paid by St. Paul.

214.

215.    Upon information and belief, Peerless Indemnity also provided commercial general liability and/or excess general liability insurance coverage to K. Walter, Inc. ("K. Walter") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

216.    Pursuant to the Contractor Agreement between K. Walter and Plaintiff, K. Walter was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material

portion of the Contractor Agreement for work performed by K. Walter for the Project is attached hereto as **Exhibit "U"**.

217.    Upon information and belief, K. Walter, Inc. provided fire protection by installing duct wrap at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit U.

218.    Any alleged defects in the fire protection and/or duct wrap, and/or the installation thereof, at Riverview are the result of defective work performed by K. Walter, Inc.

219.    As an Additional Insured under K. Walter's insurance policy with Peerless Indemnity, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under K. Walter's insurance policy, including a defense and indemnification from Peerless Indemnity, for all claims in the Underlying Litigation.

220.    Peerless Indemnity's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

221.    As a result of Peerless Indemnity's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by K. Walter and defense costs, all of which should be paid by Peerless Indemnity.

222.    Upon information and belief, Hartford Fire also provided commercial general liability and/or excess general liability insurance coverage to K. Walter during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

223.    Pursuant to the Contractor Agreement between K. Walter and Plaintiff, K. Walter was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit U.

224.    Upon information and belief, K. Walter, provided fire protection by installing duct wrap at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit U.

225.    Any alleged defects in the fire protection and/or duct wrap, and/or the installation thereof, at Riverview are the result of defective work performed by K. Walter.

226.    As an Additional Insured under K. Walter's insurance policy with Hartford Fire, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under K. Walter's insurance policy, including a defense and indemnification from Hartford Fire, for all claims in the Underlying Litigation.

227.    Hartford Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

228.    As a result of Hartford Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by K. Walter and defense costs, all of which should be paid by Hartford Fire.

229.    Upon information and belief, Defendant, Selective Insurance Company of South Carolina, operating as a subsidiary of Selective Insurance Group, Inc. ("Selective South Carolina"), is an Indiana corporation, with a business address at 40 Wantage Avenue, Branchville, NJ 07826 -5640.

230.    Upon information and belief, Selective South Carolina provided commercial general liability and/or excess general liability insurance coverage to Kane & Sons, Inc. d/b/a Kane & Sons ("Kane & Sons") during the relevant time of the Project.  A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "V"**.

231.    Pursuant to the Contractor Agreement between Kane & Sons and Plaintiff, Kane & Sons was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Kane & Sons, for the Project is attached hereto as **Exhibit "W"**.

232.    Upon information and belief, Kane & Sons provided and/or installed Duradeck at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit W.

233.    Any alleged defects in the Duradeck, and/or in the installation thereof, at Riverview are the result of defective work performed by Kane & Sons.

234.    As an Additional Insured under Kane & Sons insurance policy with Selective South Carolina, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Kane & Sons' insurance policy, including a defense and indemnification from Selective South Carolina, for all claims in the Underlying Litigation.

235.    Selective South Carolina's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

236.    As a result of Selective South Carolina's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur

significant damages, including but not limited to, damages for construction related defects and defective work performed by Kane & Sons and defense costs, all of which should be paid by Selective South Carolina.

237.    Upon information and belief, Penn National also provided commercial general liability and/or excess general liability insurance coverage to Leopard Framing Corporation ("Leopard Framing") during the relevant time of the Project.  A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "X"**.

238.    Pursuant to the Contractor Agreement between Leopard Framing and Plaintiff, Leopard Framing was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Leopard Framing, for the Project is attached hereto as **Exhibit "Y"**.

239.    Upon information and belief, Leopard Framing provided and/or installed rough carpentry and framing at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit Y.

240.    Any alleged defects in the rough carpentry, and/or the installation thereof, are the result of defective work performed by Leopard Framing.

241.    As an Additional Insured under Leopard Framing's insurance policy with Penn National, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Leopard Framing's insurance policy, including a defense and indemnification from Penn National, for all claims in the Underlying Litigation.

242. Penn National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

243. As a result of Penn National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Leopard Framing and defense costs, all of which should be paid by Penn National.

244. Upon information and belief, Defendant, American Guarantee and Liability Insurance Company, operating as a subsidiary of Zurich North America ("American Guarantee"), is a New York Corporation, with a business address of 1299 Zurich Way, Schaumberg, IL 60196-5870.

245. Upon information and belief, American Guarantee provided commercial general liability and/or excess general liability insurance coverage to Leopard Framing during the relevant time of the Project. A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "X"**.

246. Pursuant to the Contractor Agreement between Leopard Framing and Plaintiff, Leopard Framing was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations. See Exhibit Y.

247. Upon information and belief, Additional Defendant, Leopard Framing, provided and/or installed rough carpentry at Riverview, pursuant to a written agreement with Plaintiff. See Exhibit Y.

248.    Any alleged defects in the rough carpentry, and/or the installation thereof, are the result of defective work performed by Leopard Framing.

249.    As an Additional Insured under Leopard Framing's insurance policy with American Guarantee, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Leopard Framing's insurance policy, including a defense and indemnification from American Guarantee, for all claims in the Underlying Litigation.

250.    American Guarantee's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully, and in bad faith.

251.    As a result of American Guarantee's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Leopard Framing and defense costs, all of which should be paid by American Guarantee.

252.    Upon information and belief, Defendant, Virginia Surety Company, Inc., operating as a subsidiary of The Warranty Group ("Virginia Surety"), is an Illinois corporation, with a business address of 175 West Jackson Boulevard, Lobby 11, Chicago, IL 60604-3038.

253.    Upon information and belief, Virginia Surety provided commercial general liability and/or excess general liability insurance coverage to Madison Concrete Construction Co. d/b/a Madison Concrete a/k/a Madison Matrix Concrete Corporation ("Madison Concrete") during the relevant time of the Project.  A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "Z"**.

254.    Pursuant to the Contractor Agreement between Madison Concrete and Plaintiff, Madison Concrete was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreement for work performed by Madison Concrete, for the Project is attached hereto as **Exhibit "AA"**.

255.    Upon information and belief, Madison Concrete, performed and/or installed masonry and/or concrete at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit AA.

256.    Any alleged defects in the masonry and/or concrete, and/or the installation thereof, at Riverview are the result of defective work performed by Madison Concrete.

257.    As an Additional Insured under Madison Concrete's insurance policy with Virginia Surety, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Madison Concrete's insurance policy, including a defense and indemnification from Virginia Surety, for all claims in the Underlying Litigation.

258.    Virginia Surety's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully, and in bad faith.

259.    As a result of Virginia Surety's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Madison Concrete and defense costs, all of which should be paid by Virginia Surety.

260.    Upon information and belief, Defendant, Liberty Mutual Insurance Company, operating as a subsidiary of Liberty Mutual Group, Inc. ("Liberty Mutual"), is a Massachusetts corporation, with a business address of 175 Berkeley Street, #9, Boston, MA 02116 -5066.

261.    Upon information and belief, Liberty Mutual provided commercial general liability and/or excess general liability insurance coverage to Madison Concrete during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

262.    Pursuant to the Contractor Agreement between Madison Concrete and Plaintiff, Madison Concrete was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit AA.

263.    Upon information and belief, Madison Concrete performed and/or installed masonry and/or concrete at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit AA.

264.    Any alleged defects in the masonry and/or concrete, and/or the installation thereof, at Riverview are the result of defective work performed by Madison Concrete.

265.    As an Additional Insured under Madison Concrete's insurance policy with Liberty Mutual, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Madison Concrete's insurance policy, including a defense and indemnification from Liberty Mutual, for all claims in the Underlying Litigation.

266.    Liberty Mutual's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

267.   As a result of Liberty Mutual's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Madison Concrete and defense costs, all of which should be paid by Liberty Mutual.

268.   Upon information and belief, Defendant, CNA Insurance Companies, Inc., operating as a subsidiary of CNA Financial Corporation ("CNA Insurance"), is an Illinois corporation, with a business address of 333 South Wabash Avenue, #21, Chicago, IL 60604-4107.

269.   Upon information and belief, CNA Insurance provided commercial general liability and/or excess general liability insurance coverage to Main Line Commercial Pools, Inc. d/b/a Main Line Commercial Pools ("Main Line Pools") during the relevant time of the Project.   Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

270.   Pursuant to the Contractor Agreement between Main Line Pools and Plaintiff, Main Line Pools was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreement for work performed by Main Line Pools for the Project is attached hereto as **Exhibit "BB"**.

271.   Upon information and belief, Main Line Pools provided and/or installed the pool design and construction at Riverview, pursuant to a written agreement with Plaintiff.   See Exhibit BB.

272.   Any alleged defects in the pool design, and/or the construction and installation thereof are the result of defective work performed by Main Line Pools.

273.     As an Additional Insured under Main Line Pool's insurance policy with CNA Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Main Line Pool's insurance policy, including a defense and indemnification from CNA Insurance, for all claims in the Underlying Litigation.

274.     CNA Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully, and in bad faith.

275.     As a result of CNA Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Main Line Pools and defense costs, all of which should be paid by CNA Insurance.

276.     Upon information and belief, Zurich American also provided commercial general liability and/or excess general liability insurance coverage to National Waterproofing, Inc. d/b/a IBP Exteriors, Inc. ("National Waterproofing") during the relevant time of the Project.  A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "CC"**.

277.     Pursuant to the Contractor Agreement between National Waterproofing and Plaintiff, National Waterproofing was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by National Waterproofing for the Project is attached hereto as **Exhibit "DD"**.

278.   Upon information and belief, National Waterproofing provided and/or installed waterproofing materials and/or measures at Riverview, pursuant to a written agreement with Plaintiff. See Exhibit DD.

279.   Any alleged defects in the waterproofing materials and/or measures, and/or the installation thereof, at Riverview are the result of defective work performed by National Waterproofing.

280.   As an Additional Insured under National Waterproofing's insurance policy with Zurich American, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under National Waterproofing's insurance policy, including a defense and indemnification from Zurich American, for all claims in the Underlying Litigation.

281.   Zurich American's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

282.   As a result of Zurich American's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by National Waterproofing and defense costs, all of which should be paid by Zurich American.

283.   Upon information and belief, Defendant, Plymouth Nursery & Landscape Co. ("Plymouth Nursery"). is a Pennsylvania corporation with a business address of 1043 Belvoir Road, Plymouth Meeting, PA 19462.

284.   Pursuant to the Contractor Agreement between Plymouth Nursery and Plaintiff, Plymouth Nursery was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreement for work performed by Plymouth Nursery, for the Project is attached hereto as **Exhibit "EE"**.

285.   Plymouth Nursery has willfully failed and refused to provide insurance coverage information in the Underlying Litigation, and as such, is responsible to perform its obligations under the contract.

286.   Upon information and belief, Plymouth Nursery provided landscaping at Riverview pursuant to a written agreement with Plaintiff.   See Exhibit EE.

287.   Any alleged defects in the landscaping, and/or the installation thereof, are the result of defective work performed by Plymouth Nursery.

288.   Upon information and belief, Liberty Mutual also provided commercial general liability and/or excess general liability insurance coverage to ProBuild East, LLC f/k/a The Contractor Yard, LLC ("ProBuild East") during the relevant time of the Project.   Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

289.   Pursuant to the Contractor Agreement between ProBuild East and Plaintiff, ProBuild East was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreement for work performed by ProBuild East, for the Project is attached hereto as **Exhibit "FF"**.

290.   Upon information and belief, ProBuild East, performed general construction and installation services at Riverview, including but not limited to, the installation of frame

components, roof trusses, wall panels, exterior doors, metal frames, metal door leaves, Schlage deadbolts and keylevers, windows, and window screens, pursuant to a written agreement with Plaintiff. See Exhibit FF.

291.    Any alleged defects in the above-listed components, and/or the installation thereof, are the result of defective products or installation performed by ProBuild East.

292.    As an Additional Insured under ProBuild East's insurance policy with Liberty Mutual, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under ProBuild East's insurance policy, including a defense and indemnification from Liberty Mutual for all claims in the Underlying Litigation.

293.    Liberty Mutual's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

294.    As a result of Liberty Mutual's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by ProBuild East and defense costs, all of which should be paid by Liberty Mutual.

295.    Upon information and belief, Firstline National also provided commercial general liability and/or excess general liability insurance coverage to Real Stone General Contractors, LLC a/k/a Real Stone Masonry ("Real Stone") during the relevant time of the Project. A true and correct copy of the Insurance Policy Declarations Page is attached hereto as **Exhibit "GG"**.

296.    Pursuant to the Contractor Agreements between Real Stone and Plaintiff, Real Stone was required to name Plaintiff as an Additional Insured on its Commercial General Liability

Policy covering ongoing operations and completed operations.  A true and correct copy of the material portions of the Contractor Agreements for work performed by Real Stone for the Project are attached hereto collectively as **Exhibit "HH"**.

297.    Upon information and belief, Real Stone provided and/or installed certain materials at Riverview, including but not limited to, brick veneer, shouldice stone veneer, masonry, keystones and mortar, pursuant to written agreements with Plaintiff.  See Exhibit HH.

298.    Any alleged defects in the brick veneer, shouldice stone veneer, masonry, keystones and/or mortar, and/or the installation thereof, are the result of defective work performed by Real Stone.

299.    As an Additional Insured under Real Stone's insurance policy with Firstline National, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Real Stone's insurance policy, including a defense and indemnification from Firstline National, for all claims in the Underlying Litigation.

300.    Firstline National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

301.    As a result of Firstline National's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Real Stone and defense costs, all of which should be paid by Firstline National.

302.    Upon Information and belief, Defendant, Indian Harbor Insurance Company, operating as a subsidiary of XL Specialty Insurance Company ("Indian Harbor"), is a Delaware

corporation with a business address of Seaview House, 70 Seaview Avenue, Stamford, CT 06902-6040.

303.    Upon information and belief, Indian Harbor provided commercial general liability and/or excess general liability insurance coverage to Real Stone during the relevant time of the Project. A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "II".**

304.    Pursuant to the Contractor Agreements between Real Stone and Plaintiff, Real Stone was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations. See Exhibit HH.

305.    Upon information and belief, Real Stone provided and/or installed certain materials at Riverview, including but not limited to, brick veneer, shouldice stone veneer, masonry, keystones and mortar, pursuant to written agreements with Plaintiff. See Exhibit HH.

306.    Any alleged defects in the brick veneer, shouldice stone veneer, masonry, keystones and/or mortar, and/or the installation thereof, are the result of defective work performed by Real Stone.

307.    As an Additional Insured under Real Stone's insurance policy with Indian Harbor, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Real Stone's insurance policy, including a defense and indemnification from Indian Harbor, for all claims in the Underlying Litigation.

308.    Indian Harbor's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

309.    As a result of Indian Harbor's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur

significant damages, including but not limited to, damages for construction related defects and defective work performed by Real Stone and defense costs, all of which should be paid by Indian Harbor.

310.    Upon information and belief, Defendant, AIG Specialty Insurance Company, operating as a subsidiary of AIG Property Casualty U.S., Inc. ("AIG Specialty"), is a New York corporation with a business address of 175 Water Street, 18th Floor, New York, NY 10038-4976.

311.    Upon information and belief, AIG Specialty provided commercial general liability and/or excess general liability insurance coverage to Superseal Manufacturing Co. d/b/a Superseal Window and Door Manufacturers d/b/a Hurd Windows and Doors n/k/a Sierra Pacific Industries, Inc. d/b/a Sierra Pacific Windows ("Superseal") during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

312.    Pursuant to the Contractor Agreement between Superseal and Plaintiff, Superseal was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreements for work performed by Superseal, for the Project is attached hereto as **Exhibit "JJ"**.

313.    Upon information and belief, Superseal provided and installed windows and sliding doors at Riverview pursuant to a written agreement with Plaintiff. See Exhibit JJ.

314.    Any alleged defects in the windows and/or sliding doors, and/or the installation thereof, are the result of defective work performed by Superseal.

315.    As an Additional Insured under Superseal's insurance policy with AIG Specialty, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to

coverage as an Additional Insured under Superseal's insurance policy, including a defense and indemnification from AIG Specialty, for all claims in the Underlying Litigation.

316.   AIG Specialty's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

317.   As a result of AIG Specialty's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Superseal and defense costs, all of which should be paid by AIG Specialty.

318.   Upon information and belief, Hartford Fire also provided commercial general liability and/or excess general liability insurance coverage to Superseal during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

319.   Pursuant to the Contractor Agreement between Superseal and Plaintiff, Superseal was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit JJ.

320.   Upon information and belief, Superseal provided and installed windows and sliding doors at Riverview pursuant to a written agreement with Plaintiff. See Exhibit JJ.

321.   Any alleged defects in the windows and/or sliding doors, and/or the installation thereof, are the result of defective work performed by Superseal.

322.   As an Additional Insured under Superseal's insurance policy with Hartford Fire, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to

coverage as an Additional Insured under Superseal's insurance policy, including a defense and indemnification from Hartford Fire for all claims in the Underlying Litigation.

323.   Hartford Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

324.   As a result of Hartford Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Superseal and defense costs, all of which should be paid by Hartford Fire.

325.   Upon information and belief, Defendant, Atlantic States Insurance Company, operating as a subsidiary of Donegal Group, Inc. ("Atlantic States"), is a Pennsylvania corporation, with a business address of 1195 River Road, Marietta, PA 17547-1628.

326.   Upon information and belief, Atlantic States provided commercial general liability and/or excess general liability insurance coverage to Tosa Construction, Inc. d/b/a Tosa Construction d/b/a Paone Construction ("Tosa Construction") during the relevant time of the Project.  A true and correct copy of the Insurance Policies between Atlantic States and Tosa Construction are attached hereto collectively as **Exhibit "KK"**.

327.   Pursuant to the Contractor Agreement between Tosa Construction and Plaintiff, Tosa Construction was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.   A true and correct copy of the material portion of the Contractor Agreement for work performed by Tosa Construction for the Project is attached hereto as **Exhibit "LL"**.

328.    Upon information and belief, Tosa, provided and/or installed rough framing and/or carpentry at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit LL.

329.    Any alleged defects in the framing, and/or the installation thereof, are the result of defective work performed by Tosa Construction.

330.    As an Additional Insured under Tosa Construction's insurance policy with Atlantic States, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Tosa Construction's insurance policy, including a defense and indemnification from Atlantic States, for all claims in the Underlying Litigation.

331.    Atlantic States' failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully, and in bad faith.

332.    As a result of Atlantic States' failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Tosa Construction and defense costs, all of which should be paid by Atlantic States.

333.    Upon information and belief, Defendant, Main Street America Assurance Company, operating as a subsidiary of Main Street America Group ("Main Street America"), is a Florida corporation, with a business address of 4601 Touchton Road East, Suite 3400, Jacksonville, FL 32246-4486.

334.    Upon information and belief, Main Street America provided commercial general liability and/or excess general liability insurance coverage to United Insulation during the relevant

time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

335.    Pursuant to the Contractor Agreement between United Insulation and Plaintiff, United Insulation was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by United Insulation for the Project is attached hereto as **Exhibit "MM"**.

336.    Upon information and belief, United Insulation installed insulation at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit MM.

337.    Any alleged defects with the insulation, and/or the installation thereof, are the result of defective work performed by United Insulation.

338.    As an Additional Insured under United Insulation's insurance policy with Main Street America, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under United Insulation's insurance policy, including a defense and indemnification from Main Street America, for all claims in the Underlying Litigation.

339.    Main Street America's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

340.    As a result of Main Street America's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and

defective work performed by United Insulation and defense costs, all of which should be paid by Main Street America.

341.   Upon information and belief, Atlantic States also provided commercial general liability and/or excess general liability insurance coverage to United Insulation during the relevant time of the Project.  A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "NN"**.

342.   Pursuant to the Contractor Agreement between United Insulation and Plaintiff, United Insulation was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit MM.

343.   Upon information and belief, United Insulation, installed insulation at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit MM.

344.   Any alleged defects with the insulation, and/or the installation thereof, are the result of defective work performed by United Insulation.

345.   As an Additional Insured under United Insulation's insurance policy with Atlantic States, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under United Insulation's insurance policy, including a defense and indemnification from Atlantic States, for all claims in the Underlying Litigation.

346.   Atlantic States' failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

347.   As a result of Atlantic States' failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and

defective work performed by United Insulation and defense costs, all of which should be paid by Atlantic States.

348.    Upon information and belief, Defendant, Selective Way Insurance Company, operating as a subsidiary of Selective Insurance Group ("Selective Way"), is a New Jersey corporation, with a business address of 40 Wantage Avenue, Branchville, NJ 07826-5640.

349.    Upon information and belief, Selective Way provided commercial general liability and/or excess general liability insurance coverage to United Insulation during the relevant time of the Project.  A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit "OO"**.

350.    Pursuant to the Contractor Agreement between United Insulation and Plaintiff, United Insulation was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit MM.

351.    Upon information and belief, United Insulation installed insulation at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit MM.

352.    Any alleged defects with the insulation, and/or the installation thereof, are the result of defective work performed by United Insulation.

353.    As an Additional Insured under United Insulation's insurance policy with Selective Way, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under United Insulation's insurance policy, including a defense and indemnification from Selective Way, for all claims in the Underlying Litigation.

354.    Selective Way's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

355.   As a result of Selective Way's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by United Insulation and defense costs, all of which should be paid by Selective Way.

356.   Upon information and belief, Liberty Mutual also provided commercial general liability and/or excess general liability insurance coverage to United Insulation during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

357.   Pursuant to the Contractor Agreement between United Insulation and Plaintiff, United Insulation was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit MM.

358.   Upon information and belief, United Insulation installed insulation at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit MM.

359.   Any alleged defects with the insulation, and/or the installation thereof, are the result of defective work performed by United Insulation.

360.   As an Additional Insured under United Insulation's insurance policy with Liberty Mutual, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under United Insulation's insurance policy, including a defense and indemnification from Liberty Mutual, for all claims in the Underlying Litigation.

361.   Liberty Mutual's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

362.    As a result of Liberty Mutual's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by United Insulation and defense costs, all of which should be paid by Liberty Mutual.

363.    Upon information and belief, Defendant, Westfield Insurance Company, operating as a subsidiary of Ohio Farmers Insurance Company ("Westfield"), is an Ohio corporation, with a business address of One Park Circle, Westfield Center, OH 44251-5001.

364.    Upon information and belief, Westfield provided commercial general liability and/or excess general liability insurance coverage to United Insulation during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

365.    Pursuant to the Contractor Agreement between United Insulation and Plaintiff, United Insulation was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit MM.

366.    Upon information and belief, United Insulation installed insulation at Riverview pursuant to a written agreement with Plaintiff.  See Exhibit MM.

367.    Any alleged defects with the insulation, and/or the installation thereof, are the result of defective work performed by United Insulation.

368.    As an Additional Insured under United Insulation's insurance policy with Westfield, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under United Insulation's insurance policy, including a defense and indemnification from Westfield, for all claims in the Underlying Litigation.

369. Westfield's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

370. As a result of Westfield's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by United Insulation and defense costs, all of which should be paid by Westfield.

371. Upon information and belief, Defendant, The Charter Oak Fire Insurance Company, operating as a subsidiary of The Travelers Indemnity Company ("Charter Oak"), is a Connecticut corporation, with a business address of 1 Tower Square, Hartford, CT 06183-0001.

372. Upon information and belief, Charter Oak provided commercial general liability and/or excess general liability insurance coverage to Victory Fire Protection, Inc. d/b/a Victory Fire Protection ("Victory Fire") during the relevant time of the Project. Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

373. Pursuant to the Contractor Agreement between Victory Fire and Plaintiff, Victory Fire was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations. A true and correct copy of the material portion of the Contractor Agreement for work performed by Victory Fire for the Project is attached hereto as **Exhibit "PP"**.

374. Upon information and belief, Victory Fire provided and/or installed fire protection measures and materials at Riverview, pursuant to a written agreement with Plaintiff. See Exhibit PP.

375.   Any alleged defects in the fire protection measures and materials, and/or the installation thereof, are the result of defective work performed by Victory Fire.

376.   As an Additional Insured under Victory Fire's insurance policy with Charter Oak, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Victory Fire's insurance policy, including a defense and indemnification from Charter Oak for all claims in the Underlying Litigation.

377.   Charter Oak's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

378.   As a result of Charter Oak's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Victory Fire and defense costs, all of which should be paid by Charter Oak.

379.   Upon information and belief, Defendant, First Mercury Insurance Company., operating as a subsidiary of United States Fire Insurance Company, Inc. ("First Mercury"), is an Illinois corporation, with a business address of 26600 Telegraph Road, Southfield, MI 48033-5300.

380.   Upon information and belief, First Mercury provided commercial general liability and/or excess general liability insurance coverage to Victory Fire during the relevant time of the Project.  A true and correct copy of the Insurance Policy Declarations Page is attached hereto as **Exhibit "QQ"**.

381.    Pursuant to the Contractor Agreement between Victory Fire and Plaintiff, Victory Fire was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit PP.

382.    Upon information and belief, Victory Fire, provided and/or installed fire protection measures and materials at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit PP.

383.    Any alleged defects in the fire protection measures and materials, and/or the installation thereof, are the result of defective work performed by Victory Fire.

384.    As an Additional Insured under Victory Fire's insurance policy with First Mercury, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Victory Fire's insurance policy, including a defense and indemnification from First Mercury for all claims in the Underlying Litigation.

385.    First Mercury's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully, and in bad faith.

386.    As a result of First Mercury's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Victory Fire and defense costs, all of which should be paid by First Mercury.

387.    Upon information and belief, Defendant, Indian Harbor Insurance Company, operating as a subsidiary of XL Specialty Insurance Company ("Indian Harbor"), is a Delaware

corporation with a business address of Seaview House, 70 Seaview Avenue, Stamford, CT 06902-6040.

388.    Upon information and belief, Indian Harbor provided commercial general liability and/or excess general liability insurance coverage to Victory Fire during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

389.    Pursuant to the Contractor Agreement between Victory Fire and Plaintiff, Victory Fire was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Victory Fire for the Project is attached hereto as Exhibit "PP".

390.    Upon information and belief, Victory Fire provided and/or installed fire protection measures and materials at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit PP.

391.    Any alleged defects in the fire protection measures and materials, and/or the installation thereof, are the result of defective work performed by Victory Fire.

392.    As an Additional Insured under Victory Fire's insurance policy with Indian Harbor, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Victory Fire's insurance policy, including a defense and indemnification from Indian Harbor for all claims in the Underlying Litigation.

393.    Indian Harbor's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

394. As a result of Indian Harbor's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Victory Fire and defense costs, all of which should be paid by Indian Harbor.

395. Upon information and belief, Defendant, Navigators Specialty Insurance Company, operating as a subsidiary of Navigators Insurance Company ("Navigators"), is a New York corporation with a business address of One Penn Plaza, 55th Floor, New York, NY 10119.

396. Upon information and belief, Navigators provided commercial general liability and/or excess general liability insurance coverage to Victory Fire Protection, Inc. d/b/a Victory Fire Protection ("Victory Fire") during the relevant time of the Project. Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

397. Pursuant to the Contractor Agreement between Victory Fire and Plaintiff, Victory Fire was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations. A true and correct copy of the material portion of the Contractor Agreement for work performed by Victory Fire for the Project is attached hereto as Exhibit "PP".

398. Upon information and belief, Victory Fire provided and/or installed fire protection measures and materials at Riverview, pursuant to a written agreement with Plaintiff. See Exhibit PP.

399. Any alleged defects in the fire protection measures and materials, and/or the installation thereof, are the result of defective work performed by Victory Fire.

400.   As an Additional Insured under Victory Fire's insurance policy with Navigators, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Victory Fire's insurance policy, including a defense and indemnification from Navigators for all claims in the Underlying Litigation.

401.   Navigators' failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

402.   As a result of Navigators' failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Victory Fire and defense costs, all of which should be paid by Navigators.

403.   Upon information and belief, Defendant, Wagner Electric Corporation d/b/a Wagner Electric a/k/a Integrated Home Technologies ("Wagner"), is a New Jersey corporation with a business address of 449 Washington Road, Suite 5, Sayreville, New Jersey 08872.

404.   Pursuant to the Contractor Agreement between Wagner and Plaintiff, Wagner was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations. A true and correct copy of the material portion of the Contractor Agreement for work performed by Wagner, for the Project is attached hereto as **Exhibit "RR"**.

405.   Wagner has willfully failed and refused to provide insurance coverage information in the Underlying Litigation, and as such, is responsible to perform its obligations under the contract.

406.   Upon information and belief, Wagner, provided electrical and/or security installation at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit RR.

407.   Any alleged defects in the electrical and/or security installation are the result of defective work performed by Wagner.

408.   Upon information and belief, Defendant, Liberty Mutual Fire Insurance Company, operating as a subsidiary of Liberty Mutual Group, Inc. ("Liberty Fire"), is a Wisconsin corporation, with a business address of 175 Berkeley Street, #9, Boston, MA 02116-5066.

409.   Upon information and belief, Liberty Fire provided commercial general liability and/or excess general liability insurance coverage to Worth & Company, Inc. ("Worth") during the relevant time of the Project.  A true and correct copy of the Certificates of Insurance are attached hereto collectively as **Exhibit "SS"**.

410.   Pursuant to the Contractor Agreement between Worth and Plaintiff, Worth was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  A true and correct copy of the material portion of the Contractor Agreement for work performed by Worth, for the Project is attached hereto as **Exhibit "TT"**.

411.   Upon information and belief, Worth provided and/or installed plumbing and HVAC at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit TT.

412.   Any alleged defects in the plumbing, HVAC system, and/or the installation thereof, are the result of defective work performed by Worth.

413.   As an Additional Insured under Worth's insurance policy with Liberty Fire, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to

coverage as an Additional Insured under Worth's insurance policy, including a defense and indemnification from Liberty Fire, for all claims in the Underlying Litigation.

414.    Liberty Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully, and in bad faith.

415.    As a result of Liberty Fire's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Worth and defense costs, all of which should be paid by Liberty Fire.

416.    Upon information and belief, Defendant, National Union Fire Insurance Company of Pittsburgh, operating as a subsidiary of AIG Property Casualty U.S., Inc. ("National Union"), is a New York corporation, with a business address of 175 Water Street, 18th Floor, New York, NY 10038-4976.

417.    Upon information and belief, National Union provided commercial general liability and/or excess general liability insurance coverage to Worth during the relevant time of the Project. A true and correct copy of the Certificates of Insurance are attached hereto collectively as **Exhibit "UU"**.

418.    Pursuant to the Contractor Agreement between Worth and Plaintiff, Worth was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit TT.

419.    Upon information and belief, Worth provided and/or installed plumbing and HVAC at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit TT.

420.    Any alleged defects in the plumbing, HVAC system, and/or the installation thereof, are the result of defective work performed by Worth.

421.    As an Additional Insured under Worth's insurance policy with National Union, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Worth's insurance policy, including a defense and indemnification from National Union, for all claims in the Underlying Litigation.

422.    National Union's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

423.    As a result of National Union's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Worth and defense costs, all of which should be paid by National Union.

424.    Upon information and belief, Zurich American also provided commercial general liability and/or excess general liability insurance coverage to Worth during the relevant time of the Project.  Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

425.    Pursuant to the Contractor Agreement between Worth and Plaintiff, Worth was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit TT.

426.    Upon information and belief, Worth provided and/or installed plumbing and HVAC at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit TT.

427. Any alleged defects in the plumbing, HVAC system, and/or the installation thereof, are the result of defective work performed by Worth.

428. As an Additional Insured under Worth's insurance policy with Zurich American, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Worth's insurance policy, including a defense and indemnification from Zurich American, for all claims in the Underlying Litigation.

429. Zurich American's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully, and in bad faith.

430. As a result of Zurich American's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Worth and defense costs, all of which should be paid by Zurich American.

431. Upon information and belief, Defendant, Mercer Insurance Company, a successor by merger to Mercer Insurance Company of New Jersey, Inc., operating as a member and subsidiary of United Fire & Casualty Company ("Mercer Insurance"), is a Pennsylvania corporation, with a business address of 10 North Highway 31, Pennington, NJ 08534.

432. Upon information and belief, Mercer Insurance provided commercial general liability and/or excess general liability insurance coverage to Worth during the relevant time of the Project. Plaintiff is not currently in possession of the insurance policy, and accordingly it has not been attached.

433.   Pursuant to the Contractor Agreement between Worth and Plaintiff, Worth was required to name Plaintiff as an Additional Insured on its Commercial General Liability Policy covering ongoing operations and completed operations.  See Exhibit TT.

434.   Upon information and belief, Worth provided and/or installed plumbing and HVAC at Riverview, pursuant to a written agreement with Plaintiff.  See Exhibit TT.

435.   Any alleged defects in the plumbing, HVAC system, and/or the installation thereof, are the result of defective work performed by Worth.

436.   As an Additional Insured under Worth's insurance policy with Mercer Insurance, at all times material to the Underlying Litigation through to date, D.R. Horton has been entitled to coverage as an Additional Insured under Worth's insurance policy, including a defense and indemnification from Mercer Insurance, for all claims in the Underlying Litigation.

437.   Mercer Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured under the policy is a breach of contract, and was done intentionally, willfully and in bad faith.

438.   As a result of Mercer Insurance's failure to provide coverage, defense and/or indemnification to D.R. Horton as an Additional Insured, D.R. Horton has incurred and will incur significant damages, including but not limited to, damages for construction related defects and defective work performed by Worth and defense costs, all of which should be paid by Mercer Insurance.

439.   D.R. Horton seeks recovery for damages sustained as a result of the above-referenced insurance carriers' failures to provide a coverage, defense and indemnity to D.R. Horton, in relation to the Underlying Litigation, as an Additional Insured under the above-referenced subcontractors' insurance policies.

## II.   VENUE

440.     Venue in this Honorable Court is proper pursuant to 28 U.S.C. § 1391(a)(2), (b)(2), due to a substantial part of the acts and/or omissions giving rise to this claim having occurred in Montgomery County, Pennsylvania.  The amount in controversy is greater than $75,000.00.

441.     Pursuant to the Federal Rules of Civil Procedure, as there is diversity between the parties and the amount in controversy is greater than $75,000.00, jurisdiction is proper in this Honorable Court under 28 U.S.C.  § 1332.

## III.   CAUSES OF ACTION

### COUNT I – BAD FAITH: BREACH OF THE IMPLIED CONTRACTUAL DUTY TO ACT IN GOOD FAITH

#### *D.R. Horton v. All Defendants*

442.     D.R. Horton hereby incorporates paragraphs 1 through 412 above as though same were fully set forth at length herein.

443.     The Defendants named herein have either expressly denied Plaintiff's request for a defense and coverage or have failed to provide a defense and coverage thereby denying it through silence.

444.     The Defendants did not have a reasonable basis for denying benefits and coverage to D.R. Horton as an Additional Insured under the applicable policies.

445.     The Defendants knew or recklessly disregarded their lack of reasonable basis in denying D.R. Horton's claim and request for benefits and coverage as an Additional Insured under the applicable policies.

446.     The failure of the Defendants to provide a defense and indemnity and other benefits and coverage to D.R. Horton as an Additional Insured in the Underlying Litigation has caused D.R. Horton to incur significant damages, including but not limited to, attorneys' fees.

447.    Moreover, if judgment is entered in favor of the Association in the Underlying Litigation and against D.R. Horton, the Association's damages would be the result of the defective work performed by the above-referenced subcontractors, not D.R. Horton.  As an Additional Insured under the above-referenced subcontractors' insurance policies, D.R. Horton is entitled to coverage, a defense and an indemnity for the Association's damages in the Underlying Litigation from the Defendants.

448.    The failure of the Defendants to provide D.R. Horton with coverage, defense and indemnity in the Underlying Litigation was done in bad faith, with willful disregard, such that D.R. Horton is entitled to an award of punitive damages.

449.    Accordingly, D.R. Horton requests that judgment be entered in its favor and against the Defendants in excess of $75,000.00, with interest, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, D.R. Horton, Inc. – New Jersey, respectfully requests that this Honorable Court enter judgment in its favor and against the Defendants, together with all costs, fees, interest and such other and further relief as this Honorable Court deems just and equitable.

### COUNT II – BAD FAITH CLAIM PURSUANT TO 42 PA.C.S. § 8371

### *D.R. Horton v. All Defendants*

450.    D.R. Horton hereby incorporates paragraphs 1 through 420 above as though same were fully set forth at length herein.

451.    The Defendants named herein have either expressly denied Plaintiff's request for a defense and coverage or have failed to provide a defense and coverage thereby denying it through silence.

452.    The Defendants lacked a reasonable basis for denying a defense and coverage.

453.    The Defendants knew or recklessly disregarded its lack of a reasonable basis in denying a defense and coverage.

454.    **WHEREFORE**, Plaintiff, D.R. Horton, Inc. – New Jersey, respectfully requests that this Honorable Court enter judgment in its favor and against the Defendants, together with all costs, fees, interest and such other and further relief as this Honorable Court deems just and equitable.

## COUNT III – BREACH OF CONTRACT

### *D.R. Horton v. All Defendants*

455.    D.R. Horton hereby incorporates paragraphs 1 through 425 above as though same were fully set forth at length herein.

456.    The insurance policies issued by the Defendants to the above-referenced subcontractors constituted contracts to which D.R. Horton was a party.

457.    D.R. Horton was listed as an Additional Insured under the Defendants' insurance policies, which were issued to the above-referenced subcontractors in connection with their work performed at the Association.

458.    As an Additional Insured under the Defendants' policies, D.R. Horton was, at all times relevant and material to the Underlying Litigation, entitled to coverage, a defense and indemnification.

459.    The Defendants' failures to provide coverage, defense and indemnification in the Underlying Litigation to D.R. Horton as an Additional Insured under the policies constitute breaches of the respective contracts.

460.    As a result of the Defendants' breaches, D.R. Horton has incurred, and will incur, substantial damages, including but not limited to, attorneys' fees associated with defending against the Association's claims in the Underlying Litigation.

461.    Moreover, if judgment is entered in favor of the Association in the Underlying Litigation and against D.R. Horton, the Association's damages would be the result of the defective work performed by the above-referenced subcontractors, not D.R. Horton.  As an Additional Insured under the above-referenced subcontractors' insurance policies, D.R. Horton is entitled to coverage, a defense and an indemnity for the Association's damages in the Underlying Litigation from the Defendants.

462.    Accordingly, D.R. Horton requests that judgment be entered in its favor and against the Defendants in excess of $75,000.00, with interest, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, D.R. Horton, Inc. – New Jersey, respectfully requests that this Honorable Court enter judgment in its favor and against the Defendants, together with all costs, fees, interest and such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

**REIDENBACH & ASSOCIATES, LLC**

Dated: June 18, 2018                    By: _____

Scott R. Reidenbach, Esq.
***Counsel for Plaintiff,***
D.R. Horton, Inc. – New Jersey